## MYERS *v.* HUNT.

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

WITNESS—COMPETENCY—TRANSACTION WITH DECEASED PERSON.

   Code Civil Proc. N. Y. § 829, provides that a party interested in the event shall not testify in an action against the personal representative of a deceased person as to a transaction with the deceased. *Held*, in an action by the payee on a note executed by a deceased person, that plaintiff was improperly allowed to testify that the note was never paid by the maker.

Appeal from judgment upon report of referee.

Action by Bridget Myers against David Hunt, executor of Harrison Hunt, deceased. The defendant appeals from a judgment entered by the surrogate of Westchester county on the report of a referee. Code Civil Proc. N. Y. § 829, provides that "upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interrest, against the executor, administrator, or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee, or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence, concerning the same transaction or communication. A person shall not be deemed interested, for the purposes of this section, by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding, or interested in the event thereof."

Argued before BARNARD, P. J., and PRATT, J.

*Arthur T. Hoffman,* (*John H. Clapp* and *Jarvis W. Mason,* of counsel,) for appellant. *Charles H. Noxon,* for respondent.

BARNARD, P. J. Bridget Myers presented a claim against the estate of Harrison Hunt, deceased. The claim is based upon what purports to be a note given by deceased to the plaintiff April 1, 1844, for $750. The claim was referred under the statute, and the referee has reported in favor of the entire claim, with interest from the date of the note. The proof of the transaction out of which the note arose was not given. The maker of the note is dead, and the holder cannot testify, under section 829 of the Code, as to a personal transaction with the deceased. Proof was given of the handwriting of deceased in the note. It is quite uncertain. The witnesses spoke very hesitatingly. The executor produced several witnesses who testify that the signature to the note was not made by deceased. The testator died about the last of 1889, or the beginning of 1890, apparently, and the note shows that no interest was indorsed upon it. Under this evidence the finding of the referees would be one of fact, and not properly reversible on appeal. The claimant, however, was permitted to testify, under the defendant's objection and exception, that the deceased had never paid the note, principal or interest. This was a personal transaction with the deceased, and was admitted erroneously. *Lerche* v. *Brasher,* 104 N. Y. 160, 10 N. E. Rep. 58; *Clift* v. *Moses,* 112 N. Y. 426, 20 N. E. Rep. 392. The evidence may have affected the result. The case was very doubtful on the evidence of handwriting and on the circumstances surrounding the claim. This plaintiff was not rich, and was in debt, and no effort seems to have been made to collect the note during testator's life-time. The judgment should be reversed, and a new trial had at the circuit, with costs to abide event.